## WHATLEY v. STATE.   (No. 10412.)

(Court of Criminal Appeals of Texas.   Nov. 24, 1926.   On Motion for Rehearing Jan. 5, 1927.)

On Motion for Rehearing.

Intoxicating liquors ⬤⇒236(19)—Conviction of manufacturing intoxicating liquor held supported by evidence.

In prosecution for manufacturing intoxicating liquor, conviction *held* supported by evidence.

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

Henry Whatley was convicted of manufacturing intoxicating liquor, and he appeals. Affirmed.

Geo. E. Gordon, of Houston, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J.   Conviction in criminal district court of Harris county of manufacturing intoxicating liquor; punishment, one year in the penitentiary.

No bills of exception appear in the record complaining of any matter of procedure. The only question left for us is the sufficiency of the testimony. We have carefully examined same and deem it amply sufficient.

No error appearing, the judgment will be affirmed.

On Motion for Rehearing.

MORROW, P. J.   In a remote place, surrounded by a palmetto thicket, the officers found a still in operation containing about 20 gallons of whisky in the making. The liquid was pouring into the dripping jar. It was a 75-gallon copper still with a 100-gallon cooling barrel. There was a well with a force pump attached to it. There were twenty-three 50-gallon barrels of wheat mash, and 20 gallons of whisky in the barrel. At the time the officers raided the place, the appellant, Whatley, and a man by the name of Havens were seen coming from the direction of the still and about 150 yards from it. They were walking on a log which was over a drain and a part of a path leading to the still. There was no one else in the locality. The parties were placed under arrest. W. E. Quinn and his son, C. R. Quinn, who lived in the vicinity, accompanied the officers at the time of the raid. Both of the Quinns testified that they had seen the still on two or three previous occasions, upon one of which occasions they saw the appellant and Havens there; that one of them was pumping water and the other was shoving some mash or handling a barrel. The still at the time had no fire under it. There were no others there. After the raid the still was taken possession of by the officers, and at their request it was taken in a wagon to the Quinn home. According to the state's testimony, the coil dropped from the wagon, and when the younger Quinn went back to pick it up he met the appellant, who asked why they had taken his sugar and prunes, and also why they had turned in the still to the officers. Appellant drew a pistol upon the witness, when the elder Quinn appeared with a gun and ordered the appellant to drop his pistol, which he did. The pistol was exhibited upon the trial.

The appellant, Whatley, did not testify, but Havens, who was tried at the same time, did so. He explained their presence in the locality with the statement that they were cutting posts, and that their presence at the still at the time the Quinns saw them was merely for the purpose of getting a drink of water. Appellant and Havens offered some testimony with reference to their good reputation, also, some testimony that they had sold some posts.

We are not prepared to say that the circumstances were not such as to justify the verdict rendered.

The motion is overruled.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes